■ MARCELO MERCHAN, Respondent, v 609 ROUTE 17 SOUTH CORPORATION, Defendant, and FIFTH AVENUE MENSWEAR, INC., Appellant. (And a Third-Party Action.) [13 NYS3d 24]—Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 11, 2014, which denied defendant Fifth Avenue Menswear Inc.'s motion for summary judgment, unanimously affirmed, without costs.

Plaintiff was an employee of an independent contractor that was hired by defendant, an operator of a seasonal store and occupier of the land, to update a box sign outside of the store in

New Jersey. In performing this work, plaintiff leaned a ladder against the middle of the box sign, climbed the ladder, and subsequently fell to the ground and injured himself when the box sign rotated suddenly. Both parties acknowledge that New Jersey law applies.

Under New Jersey law, an occupier of land owes a duty to an independent contractor to provide a reasonably safe workplace (*Olivo v Owens-Illinois, Inc.*, 186 NJ 394, 406, 895 A2d 1143, 1150 [2006]). However, an exception to this duty applies when the contractor is invited onto the land to perform a specific task with respect to a dangerous condition and the occupier does not retain control over the means and methods of the work (186 NJ at 406-407, 895 A2d at 1150-1151). Under those circumstances, an occupier is under no duty to protect an employee of an independent contractor from hazards created by the performance of the contract work (186 NJ at 407, 895 A2d at 1150).

In this case, defendant has not established whether the hazzard was created by plaintiff's undertaking the contract work, or instead whether the sign box shifted as the result of a latent defect. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. 